AARON M. CLEFTON, Esq.  (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave, Suite C #336
Alameda, CA 94501
Phone: (510) 832-5001
aaron@cleftonlaw.com

Attorneys for Plaintiff
INDIA WELCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIA WELCH,<br><br>        Plaintiff,<br><br>    v.<br><br>OAKLAND AUTO VENTURES, INC.;<br>2740K BROADWAY, LLC,<br><br>        Defendants. | CASE NO. 4:26-cv-8024<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1.  **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2.  **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>3.  **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff INDIA WELCH complains of Defendants OAKLAND AUTO VENTURES, INC.; 2740K BROADWAY, LLC, and alleges as follows:

1.      **INTRODUCTION:**  Defendants denied disabled Plaintiff an accessible restroom at Volkswagen of Oakland ("Dealership") located at 2740 Broadway, Oakland, CA 94612.

2.      On May 28, 2026, Plaintiff went to the Dealership to have her Volkswagen Jetta serviced. Upon arrival, Plaintiff was told that it would be approximately four and half hours for her vehicle to be fixed. Plaintiff and her husband sat in the waiting room at the Dealership to wait for it. After a few hours, Plaintiff had to use the restroom. Unfortunately, Plaintiff was unable to access the restroom at the Dealership because it was not accessible to people who use wheelchairs for mobility. In fact, Plaintiff was completely unable to enter either of the restrooms at the

1

Dealership due to the high threshold, narrow doorways, and configuration of the entrances. As a result of the inaccessible restroom, Plaintiff had to hold her urine for the entire time her car was being serviced. It was incredibly uncomfortable, embarrassing, demeaning and difficult for Plaintiff to be unable to use the restroom at the Dealership because they are inaccessible to people with disabilities.

3.      The discrimination caused her difficulty, discomfort and embarrassment from the inability to use the restroom comfortably like everyone else. Plaintiff suffered the humiliating loss of her independence and her federal and state civil rights because the Defendants owners and operators of these particular facilities failed to provide the most basic access for disabled persons.

4.      Plaintiff seeks to require Defendants to make these facilities accessible and to enact policies and procedures that ensure that the accessible features at the property are properly maintained as accessible.  In addition to requiring that Defendants' facilities be made more accessible to disabled persons, as required by federal and state laws, Plaintiff seeks compensation for her personal damages, and recovery of statutory attorneys' fees, litigation expenses and costs incurred for bringing this action.

5.      Defendants denied disabled Plaintiff INDIA WELCH accessible public facilities, including a compliant accessible path of travel and an accessible restroom.  Plaintiff INDIA WELCH is a "person with a disability" or "physically handicapped person" who requires the use of a wheelchair for mobility.  She is unable to use portions of public facilities which are not accessible to mobility disabled persons.  On or about May 28, 2026, Plaintiff was denied her civil rights to full and equal access at Volkswagen of Oakland under both California law and federal law, and continues to have her rights denied, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who must use a wheelchair or other assistive device for mobility due to the failure of Defendants who are owners and operators of the facilities to comply with the law.

6.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action

arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

7.    **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

8.    **INTRADISTRICT:** This case should be assigned to the Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

9.    **PARTIES:**  Plaintiff is a former police officer who was injured during a suspect pursuit. In May of 2024, Plaintiff was diagnosed with foot disease due to diabetes. This condition is a serious complication of diabetes-related neuropathy, and it causes bones and joints in the foot to weaken and fracture. Plaintiff experienced such severe numbness in her feet that she was unable to feel the fractures that had occurred in both of her feet. Once the fractures were discovered, Plaintiff had reconstructive surgery on her left foot, but it was unsuccessful. After the failed surgery, she had to undergo a below the knee left leg amputation. Plaintiff is a qualified physically disabled person who requires the use of a wheelchair and/or a prosthetic for mobility. She has also been issued a California state placard for disabled parking which entitles her to park in a properly configured disabled accessible parking space.

10.    Defendants OAKLAND AUTO VENTURES, INC.; 2740K BROADWAY, LLC, are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings known as Volkswagen of Oakland located at 2740 Broadway, Oakland, C A 94612, at all times relevant to this Complaint.  Plaintiff is informed and believes that the Defendants performed all acts and omissions stated herein and is responsible in some manner for the acts and omissions proximately causing the damages complained of herein.

11.    Volkswagen of Oakland is a place of "public accommodation" and "business establishment" subject to the requirements of 42 USC section 12181(7)(F) of the Americans with

3

Disabilities Act of 1990; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq.* On information and belief, the Volkswagen of Oakland and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq.*, and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990. Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9). Further, Plaintiff's claims relate to discriminatory policies and practices, as well as encountering architectural barriers, and improvement of those policies and practices is itself readily achievable.

12. **FACTUAL STATEMENT:** In 2023, Plaintiff purchased a 2023 Volkswagen Jetta from Defendant Volkswagen of Oakland. Since purchasing the vehicle, Plaintiff has continued to return to Defendant's dealership whenever her vehicle requires maintenance or service.

13. On May 28, 2026, Plaintiff returned to Volkswagen of Oakland for a scheduled service appointment to repair the hands-free function in her vehicle. After checking in, Defendant's employees informed Plaintiff that servicing her vehicle would take approximately four and one-half hours. Plaintiff and her husband remained in the customer waiting area while Defendant serviced her vehicle.

14. During her wait, Plaintiff experienced a drop in her blood sugar, which required her to consume something with sugar in it. Defendants offered beverages for their customers in the waiting area, so she obtained a hot chocolate in the hopes of stabilizing her blood sugar.

15. Approximately one hour after consuming the hot chocolate, Plaintiff needed to use the restroom. Plaintiff asked her husband to assist her in getting to the restroom. He attempted to

4

assist her into each of the customer restrooms. However, Plaintiff was unable to access either restroom because the entrances and path of travel were inaccessible to wheelchair users.

16.    The restroom doorways were too narrow to permit Plaintiff's wheelchair to pass through. In addition, the restroom thresholds were excessively high, and the interior layout required Plaintiff to negotiate tight turns that prevented her wheelchair from maneuvering into the restroom. The tight corner inside one restroom further prevented Plaintiff from reaching the toilet.

17.    As a result of these barriers, Plaintiff was unable to use either restroom while waiting for her vehicle to be serviced. Plaintiff returned to the waiting area visibly upset and crying due to the embarrassment, frustration, and physical discomfort caused by the inaccessible facilities.

18.    While she was waiting, Plaintiff observed dealership employees using the same restrooms that she could not access. Plaintiff spoke with one of Defendants' employees who identified herself as Kelly. Plaintiff explained her difficulty in using the restrooms in the waiting area and asked Kelly if there were any accessible restrooms available at the Dealership. Kelly told Plaintiff that there were no other restrooms at the Dealership, but she told Plaintiff that she would notify the General Manager of the situation.

19.    Shortly thereafter, General Manager Michael Murphy came to speak with Plaintiff. Plaintiff explained that she had been unable to access either restroom because of the architectural barriers. Mr. Murphy apologized, and Plaintiff emphasized that the inaccessible restrooms needed to be corrected so that wheelchair users could use them. Mr. Murphy off-handedly agreed but did not offer any solution for Plaintiff to use the restroom while she waited for her vehicle to be fixed.

20.    Shortly after Plaintiff's discussion with Mr. Murphy, Plaintiff was informed that her vehicle was ready for pickup, despite having previously been advised that the repair would require approximately four and one-half hours.

21.    Plaintiff left the dealership without having been able to use the restroom. During the approximately twelve-minute drive home, and while transferring into and out of her vehicle, Plaintiff struggled to avoid a bodily functions accident. Plaintiff was only able to use the restroom after returning to her residence. The experience was physically painful, humiliating, and

emotionally distressing.

22. After the incident, Plaintiff sent a detailed email to General Manager Michael Murphy describing the inaccessible restroom conditions. Plaintiff also reported the accessibility barriers to an ADA complaint resource and contacted the City of Oakland Building Department. Additionally, Plaintiff sent an investigator to the premises to investigate the barriers inside the restrooms. The investigator found many other architectural barriers existed inside the restrooms including accessories mounted at inaccessible heights, an inaccessible sink, and a lack of grab bars.

23. Defendants have failed to provide an accessible restroom at Volkswagen of Oakland. To the extent that Defendants could not make the restroom fully accessible because to do so was not readily achievable, they failed to make restroom as accessible as possible for disabled persons. On information and belief, Plaintiff estimates that replacing the cabinet sink with a smaller accessible sink (such as a wall mounted model) would cost less than $1,000, including parts and labor. Adding grab bars would cost less than $1,000 also. Further, Plaintiff estimates the costs of providing compliant grab bars in the restroom would be less than $1,500, including parts and labor. Further, she estimates that moving or replacing the accessories, such as the toilet paper dispenser, to an accessible height would cost less than $500. Plaintiff estimates redoing the entryway to the restrooms to all an accessible path of travel would cost less than $6,500. Each of these are easy to do and do not cost very much to accomplish, and the benefit to disabled persons and Plaintiff is the ability to use the facility safely and independently at all.

24. Plaintiff intends to return to Volkswagen of Oakland to have vehicle serviced there in the future, but she is deterred from returning until Defendants provide the required access to their restrooms.

25. The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES

persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when she returns to the premises.  All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

26.    Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq***

27.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 26 of this Complaint and incorporates them herein as if separately re-pleaded.

28.    In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

29.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

30.    In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of

7

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES

discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

31.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "sales…establishment" (42 USC § 12181(7)(E)) or "service establishment (42 USC § 12181(7)(F)).

32.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

33.    The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.  In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

34.    The ability to safely and independently use the restroom is fundamental to enjoying and using any sales or service establishment. Therefore, the benefits of creating these accessible features do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a business, such as the costs of ensuring fire safety.  It is thus readily achievable to remove these barriers.

35.    On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff

9

the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

36. Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing Volkswagen of Oakland and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

37. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff INDIA WELCH is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

38. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff INDIA WELCH is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may use the property and premises, or attempt to patronize Volkswagen of Oakland, in light of Defendants' policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

//

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE**
**SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS**
**INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

39. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 38 of this Complaint and incorporates them herein as if separately re-pleaded.

40. At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

41. California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

42. Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

43. Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

44. The actions and omissions of Defendants as herein alleged constitute a denial of

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES

access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

45. **FEES AND COSTS:** As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendants make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

46. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 45, above, and incorporates them herein by reference as if separately repled hereafter.

47. Plaintiff INDIA WELCH and other similarly situated physically disabled persons, including those who require the use of an assistive device for mobility, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code

sections 19955 *et seq.* Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

48. Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect. Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions Volkswagen of Oakland, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq.* Further, on information and belief, additions to the building after the initial construction also occurred after January 1, 1972, triggering access requirements per Health and Safety Code section 19959. Alterations or additions after January 26, 1993 trigger ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

49. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and

13

omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior, and second-class citizen.  They serve to discriminate against her on the sole basis that she is a person with disabilities who requires the use of a wheelchair or other assistive device for movement in public places, including the addition of a fully compliant accessible restroom at Volkswagen of Oakland.

50.     Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to patronize Volkswagen of Oakland and its facilities, and is deterred from further patronage until these facilities are made properly accessible for disabled persons.  Plaintiff intends to return subject premises to celebrate with friends in the area.  She will return to the subject premises if it is made accessible to her.

51.     The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that she has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that she or other physically disabled persons may encounter in the future.  *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to the Defendants, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

52.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory

14

requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

53.    **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that she was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  These violations have deterred Plaintiff from returning to attempt to patronize Volkswagen of Oakland and will continue to cause her damages each day these barriers to access continue to be present.

54.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

15

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**<u>PRAYER</u>**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief she requests.  Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff INDIA WELCH prays for judgment and the following specific relief against Defendant:

1.     Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2.     Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3.     Award to Plaintiff all appropriate damages, including but not limited to statutory damages, and general damages in amounts within the jurisdiction of the Court, all according to proof;

4.     Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES

costs of this proceeding as provided by law;

5.    Award prejudgment interest pursuant to Civil Code section 3291; and

6.    Grant such other and further relief as this Court may deem just and proper.

Date: August 3, 2026                                          CLEFTON DISABILITY LAW

       */s/ Aaron Clefton*
By AARON CLEFTON, Esq.
Attorney for Plaintiff
INDIA WELCH

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: August 3, 2026                                          CLEFTON DISABILITY LAW

       */s/ Aaron Clefton*
By AARON CLEFTON, Esq.
Attorney for Plaintiff
INDIA WELCH

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES